UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN C. SMITH, | ) |
| Plaintiff, | ) |
| v. | )   17-CV-4015 |
| C/O FISHEL, C/O MARSHAL, STEVE GANS, WAINER DARRYL, JOHN BALDWIN, SARA JOHNSON, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Hill Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that on February 26, 2016, around 6:00 a.m., he was attacked by another inmate who came out of nowhere while Plaintiff was returning from the health care unit. Plaintiff was knocked unconscious, suffering injuries to his face and a fractured right shoulder and collar bone which required a trip to the hospital. According to the decision from the Administrative Review Board attached to the Complaint, a "mass line was returning to D Wing" as Plaintiff was returning from healthcare.

Plaintiff seeks to hold Officers Fishel and Marshal liable for this attack, alleging that they were grossly negligent. Plaintiff alleges that Officer Fishel failed to watch the wings to ensure no inmates were hiding in the day room during lock up. Officer Marshal allegedly failed to ensure that all inmates were secured in their cells and failed to make sure that the area was secured before allowing each wing to exit. Plaintiff maintains that the rest of the

Defendants are liable because they failed to find in Plaintiff's favor on his grievance.

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. Negligence by a prison official, even gross negligence, does not arise to punishment under the Eighth Amendment. <u>Farmer v. Brennan</u>, 511 U.S. 825, 826 (1994)("[T]he failure to alleviate a significant risk that an official should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment under the Court's cases."); <u>Borello v. Allison</u>, 446 F.3d 742 (7th Cir. 2006)(no deliberate indifference where prison guards might have been negligent in failing to move inmate out of cell with mentally ill roommate)("Defendants may have acted negligently by not moving Plaintiff to another cell. But as we have repeatedly stated, '[m]ere negligence or even gross negligence does not constitute deliberate indifference.'")(quoted cite omitted). A negligence claim arising from these facts would be based on state law and would need to be pursued in the Illinois Court of Claims. *See, e.g.,* <u>Faircloth v. State of Illinois</u>, 55 Ill.Ct.Cl. 275 (2002)(awarding $10,000 to injured inmate where guards were negligent in allowing general population

inmates unsupervised in the same tunnel with protective custody inmates).

To state a claim under the Eighth Amendment, Plaintiff's factual allegations must allow a plausible inference of deliberate indifference to a substantial risk of serious harm, not just negligence or gross negligence. Deliberate indifference means the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer, 511 U.S. at 837.

The facts alleged by Plaintiff do not allow an inference that Officers Fishel or Marshal actually knew of a substantial risk of harm posed to Plaintiff by the inmate who attacked him or knew that their own conduct created any substantial risk of harm to Plaintiff. Perhaps Officers Fishel and Marshal were negligent, or grossly negligent, but, as discussed above, that is not enough to violate the U.S. Constitution.

As to the Defendants who denied Plaintiff's grievance, that action did not violate the Constitution. "Prison officials who reject prisoners' grievance[s] do not become liable just because they fail to

ensure adequate remedies." Estate of Miller, 847 F.3d 425, 428 (7th Cir. 2016).

In short, Plaintiff's complaint does not state a plausible federal claim for relief.  The complaint will be dismissed without prejudice to filing an amended complaint.

**IT IS ORDERED:**

1)   Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2)  Plaintiff may file an amended complaint by March 27, 2017.  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a federal claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

ENTERED: March 3, 2017

FOR THE COURT:

                                              **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE