UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN C. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   17-CV-4015 |
| | ) |
| C/O FISHEL, et al. | ) |
| | ) |
| Defendants. | ) |

## SECOND MERIT REVIEW OPINION

On March 3, 2017, the Court dismissed Plaintiff's complaint for failure to state a claim with leave to file an amended complaint. Plaintiff has filed his amended complaint, which is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that on February 26, 2016, around 6:00 a.m., he was attacked by another inmate who came out of nowhere while Plaintiff was returning from the health care unit. Plaintiff was knocked unconscious, suffering injuries to his face and a fractured right shoulder and collar bone which required a trip to the hospital.

Plaintiff alleges that he told Officers Fishel and Marshal hours

before the attack that he feared for his safety because he had gotten into an argument with an inmate with a violent reputation for assaulting other inmates.  Plaintiff did not know the name of this inmate but did know this inmate's housing unit.  Officer Fishel and Marshal allegedly did nothing and then failed to secure the housing wings properly, creating the opportunity for the inmate to attack Plaintiff.  Plaintiff also alleges that Officer Marshal exacerbated Plaintiff's injuries by cuffing him after the incident.  Plaintiff was kept in segregation in the infirmary for several days, without a hearing, under the orders of Defendant Bryant, an internal affairs investigator.  Additionally, Defendant Bryant refused to inform Plaintiff of the identity of the inmate who attacked Plaintiff, allegedly placing Plaintiff at risk.  Plaintiff also sues the individuals who denied his grievances and the IDOC Director for an alleged custom of encouraging lax security.

    At this point, the Court cannot rule out an Eighth Amendment claim of failure to protect against Officers Fishel and Marshal, and possibly an Eighth Amendment claim against Marshal for exacerbating Plaintiff's injuries with the handcuffing.  Plaintiff may also state a failure to protect claim against Defendant Bryant for

failing to identify Plaintiff's attacker so that Plaintiff could avoid future attacks. Defendant Bryant may have a good reason for doing so, and Plaintiff and this inmate may already be separated in a way that protects Plaintiff from danger, but those determinations would be premature.

As the Court stated in its earlier order, the Defendants who denied Plaintiff's grievance (Defendants Gans and Baldwin) do not violate the Constitution solely on those grounds. "Prison officials who reject prisoners' grievance[s] do not become liable just because they fail to ensure adequate remedies." Estate of Miller, 847 F.3d 425, 428 (7th Cir. 2016). Additionally, Plaintiff's claims against the IDOC Director Baldwin that the IDOC has a policy of turning a blind eye to constitutional deprivations is too conclusory to state a claim. The IDOC Director cannot be held liable for the constitutional violations of his employees solely because the IDOC Director is in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Lastly, no constitutional violation arises from Plaintiff's placement in the infirmary in segregation for a few days. *See, e.g.,* Earl v.

Racine Cnty. Jail, 718 F.3d 689, 690, 692 (7th Cir.2013) (12–day and 7–day segregation terms did not implicate liberty interest).

**IT IS ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims: 1) Eighth Amendment failure to protect claim against Defendants Fishel, Marshal, and Bryant; and, 2) Eighth Amendment claim against Defendant Marshal for allegedly exacerbating Plaintiff's injuries by applying handcuffs. Plaintiff also states a supplemental state law claim against the John Doe inmate who assaulted him. The John Doe inmate cannot be served until Plaintiff identifies John Doe's name. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Gans, Baldwin, and Johnson are dismissed, without prejudice, for failure to state a claim against them.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff's motion for leave to file an amended complaint is granted (d/e 7).**

13) **Plaintiff's motion for status is denied as moot (d/e 9).**

14) **The clerk is directed to separately docket Plaintiff's amended complaint (attachment to docket entry 8).**

15) **The clerk is directed to terminate Defendants Gans, Baldwin, and Johnson.**

16) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 09/26/2017

FOR THE COURT:

<u>s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE